UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**GILDARDO PADILLA-MARTINEZ,**

    Petitioner,

v.                                            Case No. 25-CV-1325

**DEPARTMENT OF CORRECTIONS,**

    Respondent.

---

**GILDARDO PADILLA-MARTINEZ,**

    Petitioner,

v.                                            Case No. 25-CV-1329

**SUE DEHAAN,**

    Respondent.

---

**REPORT AND RECOMMENDATION TO DISMISS
PETITIONS FOR WRIT OF HABEAS CORPUS**[1]

---

Gildardo Padilla-Martinez, who is currently incarcerated at the Wisconsin Resource Center, simultaneously filed two petitions for a writ of habeas corpus: the first petition is filed pursuant to 28 U.S.C. § 2254 (Docket # 1 in Case No. 25-CV-1325), while the second petition is filed pursuant to 28 U.S.C. § 2241 (Docket # 1 in Case No. 25-CV-1329). Padilla-Martinez has paid the $5.00 statutory filing fee in both cases. As Padilla-Martinez has paid the filing fees, I must review his petitions in accordance with Rule 4 of the Rules Governing Section

---

[1] Because the respondents have not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of the petitions. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461 (7th Cir. 2017).

2254 cases. Although Padilla-Martinez files one of his petitions pursuant to § 2241, Rule 1(b) of the Rules Governing § 2254 Cases permits the application of Rule 4 to § 2241 petitions.

Generally speaking, a petitioner does not simultaneously file habeas petitions under both § 2254 and § 2241. This is because § 2254 is the vehicle for relief for prisoners in custody pursuant to a state court judgment; whereas § 2241 applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him. *Jacobs v. McCaughtry*, 251 F.3d 596, 597–98 (7th Cir. 2001); *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000).

Padilla-Martinez, however, seems to file the two petitions as a means of seeking alternative forms of relief. Padilla-Martinez is currently in custody pursuant to a state court judgment of conviction in Kenosha County Case No. 2010-CF-1065. (Docket # 1 at 2 in Case No. 25-CV-1325.) Padilla-Martinez states that he was convicted of first and second-degree sexual assault and sentenced to 25 years of incarceration followed by 15 years of probation. (*Id.*) He alleges that his counsel was ineffective for failing to subpoena witnesses to testify and failing to object to the State's introduction of certain evidence. (*Id.* at 6–8.) Padilla-Martinez requests that his conviction be vacated and he be granted a new trial. (*Id.* at 12.) Thus, this petition is properly brought under § 2254.

Under Rule 4 of the Rules Governing § 2254 Cases, I must dismiss a petition summarily if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." During this initial review, I consider whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies. While Padilla-Martinez raises a cognizable constitutional claim (i.e., ineffective assistance of counsel), he has not exhausted his state court remedies. A habeas

petitioner must exhaust his state court remedies before seeking relief in federal court. *Lewis v. Sternes*, 390 F.3d 1019, 1025–26 (7th Cir. 2004). This entails presenting the federal claim at each level of state court review, including seeking discretionary review in the state's highest court. *Id.* Padilla-Martienz states that he appealed his judgment of conviction before the Wisconsin Court of Appeals; however, he states that he did not seek further review by the Wisconsin Supreme Court. (Docket # 1 at 3 in Case No. 25-CV-1325.) The court of appeals affirmed his judgment of conviction on February 14, 2018. (*Id.*) Under Wisconsin law, a petition for review to the Wisconsin Supreme Court must be filed within 30 days of the date of the court of appeals' decision. Wis. Stat. § 808.10(1). In other words, the time has long passed for Padilla-Martienz to seek discretionary review in the state's highest court. Thus, Padilla-Martienz's claim is procedurally defaulted. *Lewis*, 390 F.3d at 1026. And a procedural default bars federal habeas relief unless the petitioner can demonstrate both cause for and prejudice stemming from that default or he can establish that the denial of relief will result in a miscarriage of justice. *Id.*

While the § 2254 form asks the petitioner to provide an explanation as to why any grounds for relief are unexhausted, Padilla-Martienz does not acknowledge his default or provide any potential cause for excusing it. (Docket # 1 at 6–8 in Case No. 25-CV-1325.) Because it plainly appears from the petition that Padilla-Martinez is not entitled to relief in district court, I recommend that Padilla-Martienz's § 2254 petition be denied and the case dismissed.

In Padilla-Martinez's § 2241 petition, he states that the subject of his petition is detention by Immigration and Customs Enforcement. (Docket # 1 at 2 in Case No. 25-CV-1329.) He states that he has been detained as an immigration detainee since 2010 and cites

3

his judgment of conviction in Kenosha County Case No. 2010-CF-1065 as the grounds for his custody. (*Id.* at 4–5.) Padilla-Martinez states that he has not been ordered removed or given voluntary departure by an Immigration Judge. (*Id.* at 4.) When asked whether he appealed the immigration judge's decision to the Board of Immigration Appeals, Padilla-Martinez responds that he is not challenging an immigration decision. (*Id.* at 8.) Rather, his sole ground for relief is "voluntary departure under the Trump Administration." (*Id.* at 10.) He states that "Trump put into law when he became President he would deport every immigrant by 2025." (*Id.*) Thus, he asks to voluntarily depart the United States and return to Mexico. (*Id.* at 11.)

The relief Padilla-Martinez seeks, however, is unavailable under § 2241. While § 2241 empowers federal courts to grant writs of habeas corpus to prisoners "in custody under or by color of the authority of the United States or is committed for trial before some court thereof," Padilla-Martinez falls under neither. He is not a pretrial detainee of the state. Nor does it appear that he is detained by the United States. Rather, he is in state custody serving a sentence for his state court conviction. However, even if Padilla-Martinez's case was within the jurisdictional grant of § 2241, Congress has narrowed the availability of the writ in the immigration context. *Vargas v. Beth*, 378 F. Supp. 3d 716, 721 (E.D. Wis. 2019). For example, challenges to removal orders must be brought in the court of appeals, 8 U.S.C. § 1252(a)(5), and district courts are not permitted to review the Attorney General's decision to commence, adjudicate, or execute removal orders, 8 U.S.C. § 1252(g). Padilla-Martinez states that he has not been ordered removed. (Docket # 1 at 4 in Case No. 25-CV-1329.) Thus, he does not seek court review of an order of removal.

4

Case 2:25-cv-01329-LA     Filed 09/26/25     Page 4 of 5     Document 3

his judgment of conviction in Kenosha County Case No. 2010-CF-1065 as the grounds for his custody. (*Id.* at 4–5.) Padilla-Martinez states that he has not been ordered removed or given voluntary departure by an Immigration Judge. (*Id.* at 4.) When asked whether he appealed the immigration judge's decision to the Board of Immigration Appeals, Padilla-Martinez responds that he is not challenging an immigration decision. (*Id.* at 8.) Rather, his sole ground for relief is "voluntary departure under the Trump Administration." (*Id.* at 10.) He states that "Trump put into law when he became President he would deport every immigrant by 2025." (*Id.*) Thus, he asks to voluntarily depart the United States and return to Mexico. (*Id.* at 11.)

The relief Padilla-Martinez seeks, however, is unavailable under § 2241. While § 2241 empowers federal courts to grant writs of habeas corpus to prisoners "in custody under or by color of the authority of the United States or is committed for trial before some court thereof," Padilla-Martinez falls under neither. He is not a pretrial detainee of the state. Nor does it appear that he is detained by the United States. Rather, he is in state custody serving a sentence for his state court conviction. However, even if Padilla-Martinez's case was within the jurisdictional grant of § 2241, Congress has narrowed the availability of the writ in the immigration context. *Vargas v. Beth*, 378 F. Supp. 3d 716, 721 (E.D. Wis. 2019). For example, challenges to removal orders must be brought in the court of appeals, 8 U.S.C. § 1252(a)(5), and district courts are not permitted to review the Attorney General's decision to commence, adjudicate, or execute removal orders, 8 U.S.C. § 1252(g). Padilla-Martinez states that he has not been ordered removed. (Docket # 1 at 4 in Case No. 25-CV-1329.) Thus, he does not seek court review of an order of removal.

Noncitizen detainees can, however, challenge their detention via habeas petition in district court for claims such as "the agency failed to fulfill its obligations under the INA, the statute pursuant to which the petitioner is being detained is unconstitutional, the length of detention is unreasonable and unlawful, and the conditions of confinement are inhumane." *Vargas*, 378 F. Supp. 3d at 723. But Padilla-Martinez seeks none of these things. Rather, he requests release from custody to voluntarily deport to Mexico. This relief is not available through a § 2241 petition. For these reasons, I recommend that Padilla-Martinez's § 2241 petition be denied and the case dismissed.

**NOW, THEREFORE, IT IS RECOMMENDED** that Padilla-Martinez's habeas petitions in Case No. 25-CV-1325 and Case No. 25-CV-1329 be **DISMISSED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 26th day of September, 2025.

BY THE COURT

NANCY JOSEPH
United States Magistrate Judge

5

Case 2:25-cv-01329-LA   Filed 09/26/25   Page 5 of 5   Document 3